**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN VARGAS-CONTRERAS, AKA Santiago Ochoa, AKA Manuel Vargas-Cisneros,<br><br>        Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.   14-72436<br><br>Agency No. A075-528-537<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN and BYBEE, Circuit Judges.

Juan Vargas-Contreras, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the BIA's denial of CAT relief because Vargas-Contreras failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government. *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

As to his withholding claim based on a fear of harm from his partner's ex-husband, substantial evidence supports the BIA's determination that Vargas-Contreras failed to establish it is more likely than not he would be persecuted. *See Fakhry v. Mukasey*, 524 F.3d 1057, 1066 (9th Cir. 2008).

As to his withholding claim based on a fear of harm as a member of his partner's nuclear family, the BIA found that Vargas-Contreras failed to establish "one central reason" for the harm he fears is his membership in his partner's family. The BIA did not have the benefit of our decision in *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017) (holding that the "one central reason" standard applies to asylum but not withholding of removal). Further, the BIA also denied this claim finding that Vargas-Contreras failed to show he could not relocate, but relied on evidence about a separate source of harm — his partner's ex-husband —

14-72436

that had no bearing on his family-based claim. Substantial evidence does not support this finding. *See Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010) (remanding where the BIA made factual errors and ignored and misstated evidence).

Thus, we grant the petition for review as to withholding of removal, in part, and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**